IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS LANSKY ) | CASE NO. | |
| 5108 State Rt. 59 ) | | |
| Ravenna, Ohio 44266 ) | JUDGE: | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **COMPLAINT FOR DAMAGES** | |
| WENCO AKRON, LLC ) | **AND REINSTATEMENT** | |
| 988 East Main Street ) | | |
| Ravenna, Ohio 44266 ) | **JURY DEMAND ENDORSED** | |
| ) | **HEREIN** | |
| **Serve also:** ) | | |
| WENCO AKRON, LLC ) | | |
| c/o Zane Gross, Jr. ) | | |
| Statutory Agent ) | | |
| 400 Claremont Avenue ) | | |
| Ashland, Ohio 44805 ) | | |
| ) | | |
| Defendant. ) | | |

Plaintiff, Thomas Lansky, by and through undersigned counsel, as his Complaint against the Defendants, states and avers the following:

**PARTIES & VENUE**

1. Lansky is a resident of the City of Ravenna, county of Portage, state of Ohio.

2. Wenco Akron, LLC is a foreign limited liability company that owns and/or operates a business in Ohio located at 988 East Main Street, Ravenna, Ohio 44266.

3. Wenco conducts substantial business in Ohio, operating "Wendy's" franchises throughout Northeast Ohio.

4. Lansky worked for Wenco at its Wendy's franchise located at 988 East Main Street, Ravenna, Ohio 44266.

5. Within 300 days of the conduct alleged below, Lansky filed a Charge of Discrimination Equal Employment Opportunity Commission ("EEOC"), which was processed as EEOC Charge No. 532-2021-00738.

6. On May 5, 2022 the EEOC issued and mailed a Notice of Right to Sue letter to Lansky regarding the Charges of Discrimination brought by Lansky against Wenco in Charge No. 532-2021-01016.

7. Lansky received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

8. Lansky has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

9. Lansky has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

10. All material events alleged in this Complaint occurred in county of Portage.

11. Venue is proper in this Court under 28 U.S.C. § 1391.

12. Personal jurisdiction is proper over Wenco under R.C. § 2307.382(A)(1) and (3) and the Due Process Clause.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Lansky is alleging a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, along with the Americans with Disabilities Act ("ADA"), 28 U.S.C. § 12101 et seq.

## FACTS

14. Lansky is a former employee of Wenco.

15. Lansky began working for Wenco in or around February 2020.

16. Lansky is male

17. Lansky is homosexual.

18. Lansky has human immunodeficiency virus. ("HIV")

19. As a result of his HIV, Lansky is/was considered disabled within the meaning of the ADA.

20. When Lansky began working for Wenco, Lansky disclosed that he had a weakened immune system.

21. When Lansky started working for Wenco, Lansky asked that Wenco provide him nitrile gloves because of his HIV as an accommodation.

22. As a result of his seeking an accommodation, Wenco knew that Lansky was disabled.

23. Alternatively, Wenco perceived Lansky as being disabled.

24. Alternatively, Wenco perceived Lansky as having a physical impairment.

25. Despite Lansky's HIV, he was able to perform his essential job functions with or without a reasonable accommodation.

26. Wenco did not provide Lansky nitrile gloves as an accommodation.

27. During the course of his employment, Lansky disclosed his sexuality to a coworker, Bryson Mangum, in an informal conversation.

28. After Lansky disclosed his sexuality to Mangum, Mangum began spreading demeaning gossip about Lansky based on Lansky's sexual orientation. ("Gossip About Lansky")

29. The Gossip About Lansky was because of Lansky's sexuality and therefore his sex.

30. Similarly situated heterosexual male employees did not have their sexuality be the subject of harmful and harassing workplace gossip.

31. The Gossip About Lansky was unwanted by Lansky.

32. Lansky opposed the Gossip About Lansky by, among other things, making formal complaints to his supervisors and human resources for Wenco.

33. Lansky was embarrassed by the Gossip About Lansky.

34. Lansky was offended by the Gossip About Lansky.

35. A reasonable person would consider the Gossip About Lansky to be severe and/or pervasive.

36. The Gossip About Lansky constituted harassment.

37. The Gossip About Lansky created a hostile work environment.

38. The Gossip About Lansky made it hard for Lansky to focus on properly doing his job.

39. Lansky reported the Gossip About Lansky to his supervisor, Laura Hicks, and to human resources for Wenco. ("Harassment Complaints")

40. On information and belief, Wenco failed to investigate the conduct giving rise to Lansky's Harassment Complaints.

41. On information and belief, Wenco took no remedial action against the employees who prompted Lansky's Harassment Complaints.

42. After making his Harassment Complaints, Lansky was given disciplinary actions in the form of written warnings. ("Write-Ups")

43. On information and belief, Wenco's disciplinary policy called for a verbal warning before the issuance of a written warning.

44. Before the Write-Ups, Lansky was not given a verbal warning.

45. In giving Lansky the Write-Ups, Wenco disciplined Lansky for actions that he did not commit or for failing to perform a task that was not his responsibility.

46. The Write-Ups were given because of Lansky's Harassment Complaints.

47. On information and belief, similarly situated heterosexual male employees were not issued disciplinary actions for conduct that they did not engage in or for failing to engage in conduct that they were not obligated to do as part of their job.

48. On information and belief, similarly situated non-disabled employees were not issued disciplinary actions for conduct that they did not engage in or for failing to engage in conduct that they were not obligated to do as part of their job.

49. Alternatively, the Write-Ups were because of Lansky's sexuality.

50. Alternatively, the Write-Ups were because of Lansky's HIV status.

51. By issuing the Write-Ups, Wenco made it less likely for a reasonable employee to oppose unlawful workplace discrimination.

52. After being given the Write-Ups, Lansky was fired on or about July 22, 2020. ("Termination")

53. Lasnky's Termination was because of his sexuality.

54. Alternatively, Lansky's Termination was because of his HIV status.

55. Alternatively, Lansky's Termination was because of his Harassment Complaints.

56. As a direct and proximate result of Defendants' conduct, Lansky has suffered and will continue to suffer damages.

## COUNT I: SEX-BASED DISCRIMINATION UNDER TITLE VII

57. Lansky restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

58. Throughout his employment, Lansky was treated less favorably than similarly situated heterosexual male employees because of his sex.

59. Throughout his employment, Lansky was subject to unwanted harassment based on sex because of his sexuality.

60. Wenco's actions amount to discrimination on the basis of sex in violation of 42 U.S.C. § 2000e *et seq.*

61. As a result of Wenco's discrimination against Lansky in violation of under 42 U.S.C. § 2000e *et seq.*, Lansky has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Lansky to injunctive, equitable, and compensatory monetary relief.

62. As a result of Wenco's discrimination against Lansky in violation of under 42 U.S.C. § 2000e *et seq.*, Lansky has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain suffering, and physical injury.

63. In its discriminatory actions as alleged above, Wenco acted with malice or reckless indifference to the rights of Lansky, thereby entitling Lansky to an award of punitive damages.

64. To remedy the violations of the rights of Lansky secured by under 42 U.S.C. § 2000e *et seq.*, Lansky requests that the Court award him the relief demanded below.

### **COUNT II: DISABILITY DISCRIMINATION UNDER THE ADA**

65. Lansky restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

66. As a result of his HIV status, Lansky is in a protected class under the ADA based on disability, perceived disability, or perceived disabling condition.

67. Despite his HIV status, Lansky was qualified to perform the essential job functions for a Wenco crew member.

68. During his employment, Lansky sought a reasonable accommodation for his HIV status, which was denied without an interactive process.

69. During his employment, Lansky was treated less favorably than similarly situated non-disabled employees, and/or employees perceived as disabled, or employees perceived as having a physical impairment.

70. Wenco's actions amount to discrimination on the basis of disability, perceived disability, and/or perceived disabling condition in violation of the ADA.

71. As a result of Wenco's discrimination against Lansky in violation of the ADA, Lansky has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Lansky to injunctive, equitable, and compensatory monetary relief.

72. As a result of Wenco's discrimination against Lansky in violation of the ADA, Lansky has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain suffering, and physical injury.

73. In its discriminatory actions as alleged above, Wenco acted with malice or reckless indifference to the rights of Lansky, thereby entitling Lansky to an award of punitive damages.

74. To remedy the violations of the rights of Lansky secured by the ADA, Lansky requests that the Court award him the relief demanded below.

## COUNT III: RETALIATION UNDER TITLE VII

75. Lansky restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

76. Because of the harassment he was facing, Lansky made multiple protected complaints that he was being harassed and/or discriminated against on the basis of his sexual orientation.

77. In response to Lansky's protected complaints, Wenco took multiple adverse actions against Lansky.

78. Under 42 U.S.C. § 2000e-3(a), it is "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

79. By disciplining Lansky in retaliation for making protected complaints, Wenco violated 42 U.S.C. § 2000e-3(a).

80. As a result of Wenco's retaliation against Lansky in violation of 42 U.S.C. § 2000e-3(a), Lansky has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Lansky to injunctive, equitable, and compensatory monetary relief.

81. As a result of Wenco's retaliation against Lansky in violation of 42 U.S.C. § 2000e-3(a), Lansky has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain suffering, and physical injury.

82. In its retaliatory actions as alleged above, Wenco acted with malice or reckless indifference to the rights of Lansky, thereby entitling Lansky to an award of punitive damages.

83. To remedy the violations of the rights of Lansky secured by 42 U.S.C. § 2000e-3(a), Lansky requests that the Court award him the relief demanded below.

## **DEMAND FOR RELIEF**

WHEREFORE, Lansky demands the following:

(a) That the Court issue an order requiring Wenco to restore Lansky to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Wenco of compensatory and monetary damages to compensate Lansky for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Wenco in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Lansky claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

\_/s/ Rocco J. Screnci_____
Brian D. Spitz (0068816)
Rocco J. Screnci (0100333)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  brian.spitz@spitzlawfirm.com
            rocco.screnci@spitzlawfirm.com

*Attorneys For Plaintiff Thomas Lansky*

## **JURY DEMAND**

Plaintiff Thomas Lansky demands a trial by jury by the maximum number of jurors permitted.

                                               /s/ Rocco J. Screnci
                                              Brian D. Spitz (0068816)
                                              Rocco J. Screnci (0100333)

                                              *Attorneys For Plaintiff Thomas Lansky*